# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Salustiano John de la Cruz Douglas,**<br>Petitioner<br>-vs-<br>**Eric H. Holder, et al.,**<br>Respondents | CV-09-0391-PHX-DGC (JRI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2241** |

## I. MATTER UNDER CONSIDERATION

Petitioner, incarcerated at the time in the Eloy Detention Center, Eloy, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on February 25, 2009 (#1) challenging his continued detention pending removal.

Petitioner has now been removed and has failed to file a notice of change of address. Accordingly, the Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

On February 25, 2009, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(#1), challenging his detention without bond in the Federal detention center in Eloy, Arizona, while awaiting removal to the Philippines. Petitioner was ordered removed on November 7, 2008, and he alleged that he had been detained more than 180 days. (Petition, #1 at 4.) Moreover, Petitioner alleges that any detention is unlawful because he has a valid claim to citizenship as a result of his adoption by a U.S. citizen. Petitioner does not

1 seek temporary or injunctive relief.

2 In the Notice of Assignment filed February 25, 2009 (#2), Petitioner was advised of

3 his obligation to file a Notice of Change of Address. Similarly, the Service Order advised

4 Petitioner that:

> Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

8 (Order 3/30/09, #3 at 3.)

9 On April 15, 2009, Respondents filed a Notice of Intent to Remove (#11), advising Petitioner and the Court that as a result of the Board of Immigration Appeal's dismissal of Petitioner's appeal, and the absence of any stay of removal in his appeal to the Ninth Circuit Court of Appeals, Respondents intend to remove Petitioner to the Phillippines on April 21, 2009. Petitioner did not seek a stay or other preliminary relief from this Court.

On June 8, 2009, Respondents filed a Suggestion of Mootness (#14), with documents reflecting Petitioner's removal to the Philippines on or about April 27, 2009.

Accordingly, on June 12, 2009, the undersigned entered an Order (#15) giving Petitioner fifteen days to show cause why the Petition should not be dismissed as moot in light of Petitioner's apparent release from custody. In addition, Petitioner was given fifteen days to either: (1) file a notice of change of address; or (2) show cause why his Petition should not be dismissed for failure to prosecute in light of his failure to file a Notice of Change of Address as previously ordered. Copies of that order were sent to Petitioner at his address of record. No other address appeared from the record. Petitioner has not responded.

### III. APPLICATION OF LAW TO FACTS

**A. MOOTNESS OF HABEAS PETITION**

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Commission v. Geraghty,* 445 U.S. 388, 395, 100 S.Ct. 1202, 1208 (1980). This limitation restricts the jurisdiction of the

federal courts to cases where there is a possible judicial resolution. *Id*. A moot action is not subject to a judicial resolution.

A moot action is one in which the parties lack a legally cognizable interest in the outcome. The test for mootness is whether the court can give a party any effective relief in the event that it decides the matter on the merits in their favor. "That is, whether the court can 'undo' the effects of the alleged wrongdoing." *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1989).

A habeas petition may be rendered moot following a subsequent release from custody, absent other, collateral consequences that flow from the complained of imprisonment. *Lane v. Williams,* 455 U.S. 624 (1982). While the existence of such collateral consequences is irrebuttably presumed in some habeas challenges to criminal convictions, *see e.g., Sibron v. New York,* 392 U.S. 40 (1968); *Chacon v. Wood,* 36 F.3d 1459 (9th Cir. 1994), no such presumption applies to habeas petitions challenging immigration orders.

Here, Petitioner arguably does not challenge his underlying removal order, but merely his continued detention pending the execution of that order. His release by way of removal has arguably resulted in the termination of any detention. However, Petitioner's Petition seeks a determination of his citizenship. Moreover, Petitioner has not been heard from on the issue, and it is at least conceivable that such claim of citizenship could continue despite his removal, and that there remains relief to be granted. This issue need not be reached, however, to dispose of the matter.

## B. FAILURE TO PROSECUTE

**Failure to Update Address** - Local Civil Rule 83.3(d) provides:

> An attorney or unrepresented party must file a notice of a name or address change, and an attorney must also file a notice of a change of firm name or e-mail address. The notice must be filed no later than 10 days before the effective date of the change, except that an unrepresented party who is incarcerated must submit a notice within 5 days after the effective date of the change. A separate notice must be filed in each active case.

Petitioner was twice been given specific notice (Notice of Assignment, #2; Order, #3

at 2) of his obligation to file a notice of change of address, and an Order (#15) specifically directing him to do so.

It is the duty of a party who has filed a *pro se* action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Petitioner. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).

Moreover, Petitioner has failed to respond to the Court's Order to Show Cause about his address and the mootness of his petition. In so doing, Petitioner has failed to prosecute this action.

"The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630-631 (1962). "Accordingly, when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting. Whether such an order can stand on appeal depends not on power but on whether it was within the permissible range of the court's discretion." *Id.* at 633.

In determining whether an abuse of discretion has occurred, a number of factors are relevant, including the plaintiff's diligence, the trial court's need to manage its docket, the danger of prejudice to the party suffering the delay, the availability of alternate sanctions, and the existence of warning to the party occasioning the delay. *See, e.g., Hamilton v. Neptune Orient Lines, Ltd.,* 811 F.2d 498, 499 (9th Cir.1987).

Petitioner has failed to prosecute this action, and dismissal is therefore within the discretion of the Court. *Link v. Wabash R. Co., supra.* In the instant case, Petitioner appears to have abandoned this action upon his removal. Petitioner has had over two months since his removal and release to file a notice of change of address.

1 | Further delay to the Court and to Respondents is not warranted. Also, Petitioner has received adequate warning of the potential of such action, and in light of Petitioner's refusal to respond to the Court, less onerous sanctions will be ineffective.

The undersigned finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the undersigned finds that a dismissal with prejudice would be unnecessarily harsh. Therefore, a recommendation will be made that this matter be dismissed without prejudice.

## IV. RECOMMENDATION AND ORDER

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed February 25, 2009 (#1) and this action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th

/ /
/ /
/ /

- 5 -

1 | Cir. 2003)(*en banc*).

DATED: July 8, 2009

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\09-0391-001r RR 09 07 06 re HC Moot FTP NCA.wpd