**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Salustiano John de la Cruz Douglas, | No. CV-09-391-PHX-DGC (JRI) |
| Petitioner, | **ORDER** |
| vs. | |
| Eric Holder, United States Attorney General, et al., | |
| Respondents. | |

Beginning in August 2008, Petitioner was detained at the federal detention center in Eloy, Arizona, pending his removal to the Republic of the Philippines. On February 25, 2009, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention. Dkt. #1. Respondents filed a notice of mootness on the ground that Petitioner had been removed from the United States on April 27, 2009. Dkt. #14.

On June 12, 2009, United States Magistrate Judge Jay Irwin issued an order requiring Petitioner, within fifteen days, to show cause why the case should not be dismissed as moot due to his removal from the United States and for failure to prosecute in light of Petitioner's failure to file a notice of change of address. Dkt. #15. In a response dated June 25, 2009 (but not filed with the Court until July 13, 2009), Petitioner asserts that he previously had filed a notice of change of address and that his petition is not moot because he is a United States citizen and his removal was therefore unlawful. Dkt. #17. On July 9, 2009, prior to the actual filing of Petitioner's response to the order to show cause, Judge Irwin issued a report and recommendation ("R&R") recommending that the petition be denied as moot and for failure to prosecute. Dkt. #16.

Petitioner has not filed an objection to the R&R, and the time for doing so has expired. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).[1] Having reviewed the R&R, the Court concludes that the petition should be dismissed as moot. Because Petitioner has been removed from the United States, his challenge to detention is moot whether that challenge is based on the length of the detention, *see Abdala v. I.N.S.*, 488 F.3d 1061, 1065 (9th Cir. 2007), or a claim of United States citizenship, *see Flores-Torres v. Mukasey*, 548 F.3d 708, 711 (9th Cir. 2008). To the extent Petitioner seeks to challenge the legality of his order of removal, the Court lacks jurisdiction to hear that claim. *See* 8 U.S.C. § 1252(a)(5); *Iasu v. Chertoff*, 426 F. Supp. 2d 1124, 1127 (S.D. Cal. 2006).

**IT IS ORDERED:**

1. The Magistrate Judge's R&R (Dkt. #16) is **accepted** in part as set forth in this order.
2. Petitioner's petition for writ of habeas corpus (Dkt. #1) is **dismissed** as moot.
3. The Clerk is directed to **terminate** this action.

DATED this 31st day of August, 2009.

_____
David G. Campbell
United States District Judge

---

[1] Respondents construe Petitioner's response to the order to show cause (Dkt. #17) as an objection to the R&R, and have filed a response to that "objection." Dkt. #18. As noted above, Petitioner's response is dated June 25, 2009, and therefore cannot not be an objection to the R&R filed two weeks later on July 9, 2009. *See* Dkt. #16.